******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
TYRIECE S. FULLER
(AC 38166)

Sheldon, Prescott and Pellegrino, Js.

*Syllabus*

Convicted of the crimes of conspiracy to steal a firearm, conspiracy to
commit larceny in the fourth degree, illegal manufacture, distribution,
sale, prescription or administration of narcotics by a person who is not
drug-dependent, illegal manufacture, distribution, sale, prescription or
administration of narcotics by a person who is not drug-dependent
within 1500 feet of a public elementary school, conspiracy to commit
the illegal manufacture, distribution, sale, prescription or administration
of narcotics by a person who is not drug-dependent and criminal posses-
sion of a firearm, the defendant appealed to this court. He claimed that,
in denying his requests to personally possess a copy of certain discovery
items disclosed by the state pursuant to the applicable rules of practice
(§§ 40-10 and 40-13), the trial court violated his constitutional rights to
counsel, a fair trial and due process, and that the court abused its
discretion and committed structural error. *Held*:
1. The defendant's claim that the trial court violated his constitutional rights
   in denying his requests to personally possess a copy of the discovery
   items was not reviewable, the defendant having failed to properly pre-
   serve his claim for review; the record indicated that the defendant,
   through counsel, never framed his discovery requests as assertions that
   his constitutional rights to due process or the effective assistance of
   counsel entitled him to personally possess the discovery documents in
   question, and the unpreserved claim was not of constitutional magnitude
   so as to warrant review under *State* v. *Golding* (213 Conn. 233), as a
   criminal defendant has no general constitutional right to discovery and
   a criminal defendant's procedural right to the disclosure of discovery
   pursuant to § 40-13 does not give rise in and of itself to a constitu-
   tional right.
2. The trial court did not abuse its discretion in denying the defendant's
   discovery requests to personally possess a copy of the discovery items
   disclosed by the state; the record demonstrated that the defendant
   personally reviewed the state's disclosure in the presence of his attor-
   neys or their agents on multiple occasions, and the defendant did not
   provide a compelling reason for his need to personally possess the
   discovery materials, other than his repeated claims that the state's evi-
   dence was either being fabricated or withheld.

Argued September 22—officially released December 12, 2017

*Procedural History*

Substitute information charging the defendant with
the crimes of conspiracy to steal a firearm, conspiracy
to commit larceny in the fourth degree, conspiracy to
commit burglary in the third degree, illegal manufac-
ture, distribution, sale, prescription or administration
of narcotics by a person who is not drug-dependent,
illegal manufacture, distribution, sale, prescription or
administration of narcotics by a person who is not drug-
dependent within 1500 feet of a public elementary
school, conspiracy to commit the illegal manufacture,
distribution, sale, prescription or administration of nar-
cotics by a person who is not drug-dependent and crimi-
nal possession of a firearm, brought to the Superior
Court in the judicial district of Fairfield; thereafter, the
court, *Devlin, J.*, denied the defendant's motion for

disclosure; subsequently, the court, *Blawie, J.*, denied the defendant's motion for disclosure and production; thereafter, the charges of conspiracy to steal a firearm, conspiracy to commit larceny in the fourth degree, conspiracy to commit burglary in the third degree, illegal manufacture, distribution, sale, prescription or administration of narcotics by a person who is not drug-dependent, illegal manufacture, distribution, sale, prescription or administration of narcotics by a person who is not drug-dependent within 1500 feet of a public elementary school and conspiracy to commit the illegal manufacture, distribution, sale, prescription or administration of narcotics by a person who is not drug-dependent were tried to the jury before *Blawie, J.*; subsequently, the court, *Blawie, J.*, granted the defendant's motion for judgment of acquittal with respect to the charge of conspiracy to commit burglary in the third degree; verdict of guilty on the remaining charges; subsequently, the charge of criminal possession of a firearm was tried to the court, *Blawie, J.*, judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Lisa J. Steele*, assigned counsel, for the appellant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, were *John Smriga*, state's attorney, *C. Robert Satti*, senior assistant state's attorney, and *Ann Lawlor*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PELLEGRINO, J. The defendant, Tyriece S. Fuller, appeals from the judgment of conviction rendered after a jury trial, of conspiracy to steal a firearm in violation of General Statutes §§ 53a-48 and 53a-212; conspiracy to commit larceny in the fourth degree in violation of General Statutes §§ 53a-48 and 53a-125; illegal manufacture, distribution, sale, prescription or administration of narcotics by a person who is not drug-dependent in violation of General Statues §§ 53a-8 and 21a-278 (b); illegal manufacture, distribution, sale, prescription or administration of narcotics by a person who is not drug-dependent within 1500 feet of a public elementary school in violation of General Statutes §§ 21a-278 (b) and 21a-278a (b); and conspiracy to commit the illegal manufacture, distribution, sale, prescription or administration of narcotics by a person who is not drug-dependent in violation of General Statutes §§ 53a-48, 21a-277 (a), 21a-278 (b) and 21a-279 (a).[1]

The defendant claims on appeal that the trial court, in denying his requests to personally possess a copy of the discovery items disclosed by the state pursuant to Practice Book §§ 40-10[2] and 40-13A:[3] (1) violated his federal and state constitutional rights to counsel,[4] a fair trial and due process; (2) abused its discretion; and (3) committed structural error. For the reasons set forth herein, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claims. The defendant was arrested following an extensive investigation by the Statewide Urban Violence Cooperative Crime Control Task Force (task force), which targeted the sale of illegal firearms and narcotics in the city of Bridgeport in 2012. The defendant was implicated in the investigation after he was involved in the sale of stolen guns and oxycodone pills to confidential informants in two separate controlled purchases in June and July, 2012. On May 22, 2013, the state filed an information charging the defendant with multiple offenses. Attorney Frederic Ury was appointed as the defendant's counsel on June 24, 2013, and represented the defendant throughout the majority of his pretrial proceedings. On February 19, 2014, Ury moved to withdraw his appearance, citing a breakdown in the attorney-client relationship. On February 26, 2014, the court granted Ury's motion to withdraw. On March 3, 2014, Attorney Miles Gerety filed an appearance on behalf of the defendant. A six-day jury trial commenced on July 15, 2014. Several members of the task force, and an alleged coconspirator, Serafettin Senel, testified. The defendant did not testify. On July 23, 2014, the defendant was found guilty on the counts tried to the jury and the count tried to the court.

On August 28, 2014, the defendant filed a handwritten

motion to dismiss Gerety as his counsel. In his motion, the defendant alleged that Gerety assaulted him, coerced him into not presenting evidence or testifying at trial, and conspired with various other individuals to convict him.[5] On October 17, 2014, the court granted Gerety's oral motion to withdraw. On October 21, 2014, Attorney Donald Cretella filed an appearance to represent the defendant with respect to sentencing. On January 26, 2015, the court sentenced the defendant to a total effective sentence of eight years of incarceration, followed by five years of special parole. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant's first claim on appeal is that the trial court violated his federal and state constitutional rights in denying his requests to personally possess a copy of the discovery items disclosed by the state pursuant to Practice Book § 40-10. The defendant contends that § 40-10 "creates a presumption" that he is not permitted to possess a copy of the state's disclosure in violation of his constitutional rights. The defendant asserts that his claim was adequately preserved by his attorneys' three "motions to provide redacted reports to [him], which were denied by the trial court . . . ." Alternatively, the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). The state argues that the defendant is not entitled to review of this claim because it is unpreserved and not constitutional in nature. We conclude that the defendant's claim was not properly preserved for our review.

The following additional facts are necessary for our resolution of this claim. On July 10, 2013, Ury orally sought permission from the court to provide the defendant with a redacted copy of a police report. The court, *Devlin, J.*, denied the motion. On May 28, 2014, Gerety asked for the court's permission to provide the defendant with a redacted copy of the state's disclosure. The court, *Blawie, J.*, deferred ruling on the motion until counsel had an opportunity to meet off the record to try and resolve the disclosure issue. On June 4, 2014, Gerety filed a motion for disclosure and production requesting that the state permit defense counsel to provide a copy of the state's disclosure to the defendant pursuant to Practice Book § 40-10. On June 5, 2014, after conducting a hearing to determine "whether or not the defendant should be entitled to have his own copies of the state's disclosure materials," Judge Blawie denied the defendant's motion.

The record indicates that the defendant, through counsel, never framed his requests as a constitutional issue.[6] None of the requests contained any assertion that the defendant's constitutional rights to due process

or the effective assistance of counsel entitled him to personally possess discovery documents. Therefore, appellate review of his unpreserved claim is subject to *State* v. *Golding*, supra, 213 Conn. 239–40. "Under this standard, [a defendant] can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; internal quotation marks omitted.) *State* v. *Biggs*, 176 Conn. App. 687, 705–706,      A.3d      (2017).

We conclude that this claim is not "of constitutional magnitude alleging the violation of a fundamental right . . . ." *State* v. *Golding*, supra, 213 Conn. 239. A criminal defendant has no general constitutional right to discovery. See *Weatherford* v. *Bursey*, 429 U.S. 545, 559, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977). This court has previously held that a criminal defendant's procedural right to the disclosure of discovery pursuant to Practice Book § 40-13 "does not give rise in and of itself to a constitutional right." *State* v. *Sewell*, 95 Conn. App. 815, 822, 898 A.2d 828, cert. denied, 280 Conn. 905, 907 A.2d 94 (2006); see also *State* v. *Coriano*, 12 Conn. App. 196, 200, 530 A.2d 197, cert. denied, 205 Conn. 810, 532 A.2d 77 (1987) ("The right under the rules of practice to statements of witnesses . . . is not a right of constitutional magnitude."). Accordingly, this argument fails under the second prong of *Golding*. We therefore decline to review the merits of the defendant's constitutional claims.

## II

The defendant's second claim on appeal is that the trial court abused its discretion in denying his requests to personally possess a copy of the discovery items disclosed by the state pursuant to Practice Book § 40-10. We disagree.

The following additional facts are necessary for our resolution of this claim. In denying Ury's oral motion to give the defendant a redacted copy of the police report, Judge Devlin stated, "in other cases where I've authorized police reports to go into the correctional center, what they're really used for is to find out who the informants are, who the witnesses are, and sometimes those people are given a hard time. So, I don't permit that. [Ury] will go over the report with you, so you're fully informed about what the accusations are against you, what the police evidence is against you, but I'm not going to permit the actual physical copy of the report into the jail. I just don't do that because we have

had bad situations come out of that."

This issue was readdressed during a June 5, 2014 hearing on the defendant's motion for disclosure and production. Gerety stated to the court that the motion was "driven by the defendant." Gerety also acknowledged that the decision to permit the defendant to possess discovery under Practice Book § 40-10 was "largely [in] the court's discretion." Gerety represented to the court that he had visited the defendant in prison on "numerous occasions."[7] During these visits, the defendant had the opportunity to read most of the disclosure but claimed that he had not finished reading it. Gerety also brought his laptop and reviewed a series of police videos with the defendant. Gerety stated that they "spent hours going over line by line . . . writing down the words that were said." The state objected to the defendant's motion, citing its interest in preventing disclosed materials from circulating in the jails. The state also argued that this motion was merely an attempt to circumvent prior rulings made by the court, which denied the defendant's motion to remove counsel and to represent himself. The state further contended that the defendant would suffer no prejudice because he "had full access to . . . the disclosure materials" through his attorney. Further, the defendant admitted that he already possessed many of the documents through a Freedom of Information Act request. Judge Blawie denied the defendant's motion, finding that there had not been a sufficient change in circumstances to overturn Judge Devlin's prior ruling on the same issue. Judge Blawie, however, accepted an alternative proposed by Gerety, and the defendant was given the remainder of the day to review the state's disclosure in the courthouse.

We review the court's granting or denial of a discovery request for an abuse of discretion. See *In re Jason M.*, 140 Conn. App. 708, 737, 59 A.3d 902, cert. denied, 308 Conn. 931, 64 A.3d 330, cert. denied sub nom, *Charline P.* v. *Connecticut Dept. of Children & Families*, U.S. , 134 S. Ct. 701, 187 L. Ed. 2d 564 (2013). "Our role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Internal quotation marks omitted.) Id., 734. Therefore, "[i]n determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." *State* v. *Megos*, 176 Conn. App. 133, 148, 170 A.3d 120 (2017).

The record demonstrates that the defendant personally reviewed the state's disclosure in the presence of his attorneys or their agents on multiple occasions. The defendant did not provide a compelling reason for his need to personally possess discovery materials, other

than his repeated claims that the state's evidence was either being fabricated or withheld. We therefore conclude that the court did not abuse its discretion in denying the defendant's requests.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant also was convicted by the court of one count of criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). In addition, the defendant was charged with conspiracy to commit burglary in the third degree in violation of General Statutes §§ 53a-48 and 53a-103; however, prior to the close of evidence, the court granted the defendant's motion for judgment of acquittal with respect to that charge.

[2] Practice Book § 40-10 (a) provides: "Any materials furnished to counsel pursuant to this chapter, including statements, reports and affidavits disclosed pursuant to Section 40-13A, shall be used only for the purposes of conducting such counsel's side of the case or for the performance of his or her official duties, and shall be subject to such other terms and conditions as the judicial authority may provide. Without the prior approval of the prosecuting authority or the court, defense counsel and his or her agents shall not provide copies of materials disclosed pursuant to Section 40-13A to any person except to persons employed by defense counsel in connection with the investigation or defense of the case."

[3] Practice Book § 40-13A provides: "Upon written request by a defendant and without requiring any order of the judicial authority, the prosecuting authority shall, no later than forty-five days from receiving the request, provide photocopies of all statements, law enforcement reports and affidavits within the possession of the prosecuting authority and his or her agents, including state and local law enforcement officers, which statements, reports and affidavits were prepared concerning the offense charged, subject to the provision of Sections 40-10 and 40-40 et seq."

[4] The defendant claims that Practice Book § 40-10 "compromised [his] relationship[s] with his assigned counsel" because they could not provide him with a copy of the state's disclosure, which prevented him from assisting in his own defense.

[5] The defendant's claims were never substantiated.

[6] The defendant was represented by appointed counsel for all relevant portions of the underlying criminal matter. We note that on numerous occasions, the defendant, while represented by Ury, Gerety and Cretella, and against their advice, filed numerous handwritten motions and spoke out in court on his own behalf. Some of these motions and in-court statements contained allegations of constitutional violations. Furthermore, on June 10, 2014, the defendant wrote to the court indicating that he intended to act as cocounsel during his trial proceedings. The court correctly held that the defendant could not file his own motions or act as cocounsel. Our state does not recognize a defendant's constitutional right to hybrid representation. See *State* v. *Gethers*, 197 Conn. 369, 384 n.17, 386–94, 497 A.2d 408 (1985); see also *State* v. *Flanagan*, 293 Conn. 406, 418, 978 A.2d 64 (2009) ("The right to counsel and the right to self-representation present mutually exclusive alternatives. A criminal defendant has a constitutionally protected interest in each, but since the two rights cannot be exercised simultaneously, a defendant must choose between them." [Internal quotation marks omitted.]). Therefore, we will not consider the defendant's motions and in-court statements for purposes of deciding whether his claim was properly preserved.

[7] Gerety also represented to the court that Ury had his investigator go over everything in his file with the defendant.

[8] In light of our conclusion that the court did not improperly prevent the defendant from personally possessing discovery materials, we need not reach the defendant's claim that any error was structural in nature.